Birdie Amsterdam, J.
Plaintiffs move for summary judgment on the second and third causes. These causes are representative or class actions by certain stockholders to invalidate the issuance of all shares of common stock of the Economic Planning Corp. in excess of 77,250. The authorized capital stock of the subject corporation is 200,000 shares of common stock, of which prior to February 28, 1961, 77,250 shares were issued and outstanding. Of the issued and outstanding shares, 26,250 were owned by plaintiffs. By paragraph “ Eighth ” of the certificate of incorporation, the consent of the holders of two-thirds of the issued and outstanding voting stock is required “ before the corporation shall issue more than one hundred thousand (100,000) shares of common stock ”.
Principally involved are these three resolutions adopted by the board of directors on February 28, 1961. By the first, certain employees were permitted to purchase an aggregate of 5,700 shares of the common stock at one cent per share as compensation to those employees for extraordinary services theretofore rendered by them. A second, permitted the purchase of *618 an aggregate of 9,000 shares by management at one cent per share, also as compensation for services which management had theretofore rendered. A third resolution permitted the purchase by some of those employees and management to purchase, pursuant to an incentive plan the remainder, or 108,000 shares, at one cent per share.
Plaintiffs opposed such proposed stock issue and challenge the issuance thereof as violation of the stated charter provision and of their pre-emptive rights granted by section 39 of the Stock Corporation Law.
After the options to purchase pursuant to the first two of the resolutions were exercised, all three resolutions were ratified by the defendants and some of the stockholders by a vote to comply with the requirement of paragraph “Eighth” of the certificate of incorporation. In the two-thirds vote were included the shares purchased under the first two resolutions.
The vote of ratification would be valid if the first two resolutions, when adopted, were valid. Plaintiffs contend that by the adoption of those resolutions, the pre-emptive rights of the outstanding stockholders were violated, that the pre-emptive rights survived, and that they do not come within the following exception as provided in subdivision 4 (a) of section 39, which reads: “ 4. Unless otherwise provided in the certificate of incorporation or in any other, certificate filed pursuant to law, shares or other securities offered for sale shall not be subject to preemptive rights if they (a) are issued or optioned.by the board of directors to effect a merger or consolidation or for a consideration other than cash ”.
The issuance of shares to employees .pursuant to any incentive plan is provided by section 14 of the Stock Corporation Law and the stockholders enjoy no pre-emptive rights with respect thereto. Their sole remedy on dissent is appraisal.
No authority is furnished in support of the defendants’ contention that the issuance of stock pursuant to the first two resolutions results in a deprivation of pre-emptive rights by virtue of the provisions of section 39 of the Stock Corporation Law. In the light of the subject matter of section 14, a construction of the words “ for a consideration other than cash ” as contained in section 39 (subd. 4, par. [a]) cannot be construed to embrace an issuance of stock to employees or management upon the basis of past consideration consisting of services rendered, and the cases cited by the defendants do not support such an interpretation.
The relief which the plaintiffs seek by virtue of the representative causes as they are set forth in the second and third *619 causes, is not affected by the counterclaim of the corporate defendant against the plaintiff, Hyman, individually. Since it is the determination of the court that the first and second resolutions violated the pre-emptive rights of the plaintiffs and other stockholders, the vote taken by the stockholders adopting the three resolutions is also invalid since there was included in the vote those shares acquired by reason of the first two resolutions in order to reach the requirement of approval by two thirds of the outstanding voting shares as provided by paragraph 1 ‘ Eighth ’ ’ of the certificate of incorporation.
Accordingly, plaintiff is entitled to the relief as requested on the second and third causes of action.